[Cite as *State v. Groves*, 2015-Ohio-4757.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 15-COA-017 |
| MICHAEL S. GROVES | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County Common
                              Pleas Court, Case No. 12-CRI-030

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       November 17, 2015

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant


CHRISTOPHER R. TUNNELL                MATTHEW J. MALONE
Ashland County Prosecutor             Law Offfices of Matthew J. Malone, LLC
EMILY M. BATES                        10 East Main Street
Assistant Prosecuting Attorney        Ashland, Ohio 44805
110 Cottage Street, Third Floor
Ashland, Ohio 44805

*Hoffman, P.J.*

{¶1} Appellant, Michael S. Groves, was indicted on three counts of Importuning in violation of R.C. 2707.07(B), all felonies of the fifth degree and one count of Disseminating Matter Harmful to Juveniles in violation of R.C. 2907.31(A)(1), a misdemeanor of the first degree.

{¶2} Pursuant to a plea agreement, Appellant plead guilty to count one (Importuning, a felony of the fifth degree) and count four (Disseminating Matter Harmful to Juveniles, a misdemeanor of the first degree). The State agreed to dismiss counts two and three.

{¶3} Appellant received a sentence of 180 days of local incarceration on the Importuning count as part of a community control sanction. Further, Appellant received 180 days of jail on the Disseminating Matter Harmful to Juveniles count, however, 90 of those days were suspended.

{¶4} Eventually, Appellant was charged with violating the terms of his community control. Appellant agreed with three of the four violations including failure to report to his supervising officer, a curfew violation and possession of a cell phone. Following Appellant's stipulation to the community control violations, the trial court imposed a twelve month prison sentence giving Appellant credit for time served.

{¶5} Counsel for Appellant has filed a Motion to Withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth one proposed Assignments of Error. Appellant has not raised any additional assignments of error pro se.

**{¶6}** In *Anders,* the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. Id. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. Id. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. Id.

**{¶7}** Counsel in this matter has followed the procedure in *Anders v. California* (1967), 386 U.S. 738.

## POTENTIAL ASSIGNMENT OF ERROR

I.

**{¶8}** "WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON APPELLANT FOR VIOLATING HIS COMMUNITY CONTROL WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF ITS DISCRETION."

**{¶9}** We now will address the merits of Appellant's potential Assignment of Error.

I.

**{¶10}** In her first potential Assignment of Error, Appellant challenges the sentence imposed by the trial court.

**{¶11}** The Ohio Supreme Court has established a two-step analysis for reviewing a felony sentence. *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. The second step requires the trial court's decision to be reviewed under an abuse-of-discretion standard. *Id.*

**{¶12}** We find the sentence imposed was not clearly and convincingly contrary to law.  The sentence in this case was imposed within the statutory range provided in R.C. 2929.14.

**{¶13}** Having reviewed the sentence, the presentence investigation report, and the sentencing factors found in R.C. 2929.12 we also do not find the trial court abused its discretion in imposing the sentence in this case.

**{¶14}** Appellant's proposed assignment of error is overruled.

**{¶15}** For these reasons, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur